UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                      Plaintiff,<br><br>v.<br><br>LOGAN RAFAEL QUIROGA,<br><br>                      Defendant. | Case No.: 12-CR-0164- L<br><br>**ORDER DENYING MOTION FOR MODIFICATION OF TERM OF IMPRISONMENT PURSUANT TO 18 U.S.C. § 3582(C)(2) [ECF NO. 55.]** |

On November 30, 2017, Petitioner Logan Rafael Quiroga ("Petitioner"), proceeding *pro se*, filed a motion for relief of sentence pursuant to 18 U.S.C. § 3582(c)(2). Petitioner's motion is based upon retroactive Amendment 782 of the United States Sentencing Guidelines that pertain to drug trafficking offenses which became effective November 1, 2014. On January 3, 2018, the Government filed a Response in Opposition.

**BACKGROUND**

Petitioner was charged in a four count Indictment with Conspiracy to Import Methamphetamine in violation of 21 U.S.C. §§ 952, 960, and 963; Conspiracy to Distribute Methamphetamine in violation of 21 U.S.C. §§ 841 and 846; Importation of Methamphetamine in violation of 21 U.S.C. §§ 952 and 960; and Aiding and Abetting in violation of 18 U.S.C. § 2. On July 19, 2012, Petitioner pled guilty to Conspiracy to Import

1

Methamphetamine pursuant to the terms of a plea agreement. [ECF NO. 30.] On September 17, 2012, the Court conducted a sentencing hearing during which it determined that Petitioner's base offense level was 38, with a plus 2 for Importation of Methamphetamine under 2D1.1(D)(5). A 3 point reduction was applied for acceptance of responsibility, along with a minus 4 for Fast Track, giving him an adjusted base offense level of 33. Petitioner was in a criminal history category of III, resulting in a Guideline Range of 168 to 210 months. The Court sentenced Petitioner to 168 months in custody, the low-end of the Guideline range.

## DISCUSSION

Petitioner now moves for a reduction of his sentence, pursuant to 18 U.S.C. § 3582(c)(2), based on Amendment 782 to the Sentencing Guidelines. Amendment 782 generally reduces the base offense level for drug trafficking offenses in § 2D1.1(c) of the Sentencing Guidelines by two levels. *See* Amendment 782, Supplement to Appendix C, Amendments to the Guidelines Manual.

A motion for reduction of sentence under § 3582(c)(2) "is simply a vehicle through which appropriately sentenced prisoners can urge the court to exercise leniency to give [them] the benefits of an amendment to the guidelines." *United States v. Townsend*, 98 F.3d 510, 513 (9th Cir. 1996) (quoting *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995) (internal quotation marks omitted)). Whether to reduce a sentence under § 3582(c)(2) is a discretionary decision. *See* 18 U.S.C. § 3582(c)(2) ("[T]he court *may* reduce the term of imprisonment.") (emphasis added); *Townsend*, 98 F.3d at 512 ("[T]he decision whether to reduce a sentence under § 3582 is within the discretion of the district court judge."); *United States v. Cueto*, 9 F.3d 1438, 1440 (9th Cir. 1993) ("Courts have discretion to reduce a previously imposed term of imprisonment when the Sentencing Commission reduces the sentencing range, and the reduction is 'consistent with applicable policy statements issued by the Sentencing Commission.' ") (quoting 18 U.S.C. § 3582(c)(2)). Under § § 1B1.10(a)(2)(B), "[a] reduction in the defendant's

term of imprisonment" is not authorized if the new amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

In determining whether a sentence should be modified following amendment of the Guidelines, the Court should consider the term of imprisonment that it would have imposed had the amendment to the Guidelines been in effect at the time the particular defendant was sentenced. U.S.S.G. § 1B1.10(b). Where the term of imprisonment is less than the minimum of the amended guideline range, then the defendant is ineligible for a sentence reduction. U.S.S.G. § 1B1.10(a)(2)(B). In addition, the Court must consider the 18 U.S.C. § 3553(a) factors[1] and the danger to the public created by any reduction in a defendant's sentence. *Id*. at cmt. n. 1(B).

Applying the amended Guidelines, Petitioner's new base offense level would now be a 36, rather than a 38. A plus 2 would be added under 2D1.1(D)(5) for Importation of Methamphetamine, resulting in an adjusted offense level of 35 after the 3 point reduction for acceptance of responsibility. Petitioner remains in a criminal history category III. Therefore, the resulting applicable guideline range is 210 to 262 months.

After considering the §3553(a) factors anew and the danger to the public created by any reduction in Petitioner's sentence, the Court finds no further reduction in Petitioner's sentence is warranted. Petitioner's original sentence of 168 months is less than the low-end of the new Guideline range. The Court considers the originally imposed

---

[1] Section 3553(a) directs a court to consider the following factors in determining the particular sentence to be imposed: "(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed: (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for: (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines… (5) any pertinent policy statement… (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a).

sentence as the minimum necessary to address Petitioner's conduct, and thereby declines to reduce his sentence further.

## CONCLUSION

Based on all of the above considerations, Petitioner's motion for a reduction in his sentence is **DENIED**.

**IT IS SO ORDERED.**

Dated: March 8, 2018

Hon. M. James Lorenz
United States District Judge

COPIES TO:

PETITIONER

U.S. ATTORNEY'S OFFICE